# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 16-1222
November 28, 2016
Not for Publication

*****************************************

| | |
|---|---|
| MARINA ANGDAHL-WANGLER, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Influenza ("flu") vaccine; |
| | *   Guillain-Barré syndrome; |
| SECRETARY OF HEALTH | *   nine and one-half week |
| AND HUMAN SERVICES, | *   onset; motion for a decision |
| | *   dismissing petition granted |
| Respondent. | * |

*****************************************

Amber D. Wilson, Washington, DC, for petitioner.
Colleen C. Hartley, Washington, DC, for respondent.


**MILLMAN, Special Master**


### DECISION[1]


On September 29, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa–10–34 (2006), alleging that the influenza ("flu") vaccine she received on October 28, 2013 caused her Guillain-Barré syndrome ("GBS") nine and one-half weeks later, but only one week after a diarrheal illness.  Pet. at ¶¶ 2, 4.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On November 3, 2016, the undersigned held a telephonic status conference with counsel and stated that the medical records show that her treating doctor, Dr. Solange M. Wyatt, wrote that petitioner's GBS was triggered by her episode of diarrhea with positive cytomegalovirus serum titers.  Med. recs. Ex. 5.1, at 9.  The undersigned reminded petitioner's counsel that the Federal Circuit has held that special masters must consider seriously the opinions of treating doctors.  See Andreu v. Sec'y of HHS, 569 F.3d 1367 (Fed. Cir. 2009); Capizzano v. Sec'y of HHS, 440 F.3d 1317 (Fed. Cir. 2006).  Moreover, the undersigned has not gone beyond eight weeks between vaccination and onset of GBS in holding a vaccine caused GBS.  See Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469734, at *8-10 (Fed. Cl. Spec. Mstr. May 31, 2011).

On November 28, 2016, petitioner filed a Motion for a Decision Dismissing Petition, stating "An investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."  Mot. at ¶ 1.  In addition, petitioner states "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program."  Id. at ¶ 2.

The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing Petition and **DISMISSES** this case.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioner must show not only that but for flu vaccination, she would not have had GBS nine and one-half weeks later, but only one week after diarrhea, but also that the vaccine was a

substantial factor in causing her GBS.  <u>Shyface v. Sec'y of HHS</u>, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

      The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1) (2006).  The medical records do not support petitioner's allegations and her treater Dr. Wyatt wrote that petitioner's diarrhea triggered her GBS.  Petitioner has not filed an expert report in support of her allegations.

**CONCLUSION**

      The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing Petition and **DISMISSES** this case.[2]

**IT IS SO ORDERED.**

<u>November 28, 2016</u>                                    s/Laura D. Millman
DATE                                                   Laura D. Millman
                                                      Special Master

---

[2] [2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

3