# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1222V
Filed: February 21, 2017
Not for Publication

*************************************
MARINA ANGDAHL-WANGLER,

    Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

    Respondent.

*************************************

Attorneys' fees and costs decision; respondent does not object

Amber D. Wilson, Washington, DC, for petitioner.
Colleen C. Hartley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 29, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that she developed Guillain-Barré syndrome as a result of an influenza vaccine she received on October 28, 2013. On November 28, 2016, the undersigned granted petitioner's Motion to Dismiss and issued a decision dismissing the case.

On February 21, 2017, petitioner filed an unopposed motion for attorneys' fees and costs. Petitioner requests $5,693.50 in attorneys' fees and $553.70 in costs for a total of $6,247.20. In compliance with General Order #9, petitioner's counsel states that petitioner incurred no out-of-

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

pocket expenses in pursuing her claim.   In her motion, petitioner states that respondent "does not object to the overall amount sought," but that "this lack of objection . . . should not be construed as an admission, concession, or waiver as to the hourly rates requested, the numbers of hours billed, or the other litigation related costs."   Mot. at 1-2.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.   42 U.S.C. § 300 aa-15(e).   Based on the reasonableness of petitioner's request and respondent's lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs. **Accordingly, the undersigned awards the total amount of $6,247.20**, as a lump sum in the form of a check payable jointly to petitioner and Maglio Christopher & Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 21, 2017                                                                 s/ Laura D. Millman
                                                                                                           Laura D. Millman
                                                                                                           Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.